ON REMAND FROM THE SUPREME COURT OF LOUISIANA
JiPLOTKIN, Judge.
The defendant, Michael MeBarry applied to this Court for writs to review a ruling by the trial court denying his motion to suppress evidence. Originally, the writs were denied, however, on remand from the Supreme Court, we were ordered to brief, permit argument unless waived[1] and render an opinion. The issue is whether or not the police had probable cause to execute an investigatory stop of the defendant and his companion which resulted in the seizure of evidence. We hold that the police did not have probable cause, the writ is granted and the judgment of the trial court reversed.

*128
FACTS:

On September 22, 1996, at approximately 1:20 a.m., police officers were dispatched to investigate a possible burglary. The only information they received was that the door of the house was ajar. There was no mention of suspected perpetrators. While en route to the house, the responding officers noticed two men walking down the street approximately two blocks from the scene of the possible burglary. One of the men, the defendant Michael McBarry, was pushing |2a bicycle while carrying a beer in one hand and a Crown Royal bag in the other hand. As the police car approached the men, the officers activated the vehicle’s spotlight and shined it on the two men. The men did not attempt to run, but rather, kept walking.
The officers ordered the men to stop and place their hands on the hood of the police car. Sergeant Alonzo, one of the responding officers, testified at the motion hearing that the defendant stooped down to place his bicycle in front of the police car but then got back up and tried to walk away. On cross-examination, however, Sergeant Alonzo admitted that the defendant did not attempt to leave the scene but was putting his bicycle on the curb with the kickstand down. After situating the bicycle, the defendant complied with the officers’ request and walked to the car and put his hands on the hood. A pat-down search of the defendant revealed nothing. However, one officer looked under the front of the car, noticing the Crown Royal bag, which defendant allegedly placed under the car. The officer retrieved the bag and discovered the pistol within. The defendant was placed under arrest. The other man told the officers the defendant had become afraid when the officers shined the spotlight on them and that the defendant told him he was afraid because he was in possession of a gun.
The defendant was booked on a charge of carrying a concealed weapon. Upon learning of the defendant’s prior conviction for possession of a controlled dangerous substance, defendant was charged via bill of information with La. R.S. 14:95.1, possession of a firearm by a convicted felon. The defendant pleaded not guilty. Motions were heard on December 4, 1996, at which time the trial court denied the motion to suppress evidence and found probable cause for arrest. It is from this ruling of the trial court that defendant seeks relief.

\ ..DISCUSSION:

The defendant argues that the trial court erred by denying the motion to suppress the evidence because the officers did not have reasonable suspicion that defendant, “is committing, has committed, or is about to commit an offense” prior to his abandonment of the bag containing the gun. La. C. Cr. P. Art. 215.1 The necessary reasonable suspicion has been defined as “articulable knowledge of particular facts which, in conjunction with reasonable inferences drawn therefrom, is sufficient to provide reasonable grounds to suspect criminal activity.” State v. Daniels, 631 So.2d 1281, 1283 (La.App. 4 Cir.1994); State v. Bickham, 404 So.2d 929, 931 (La.1981). This imposes a less stringent standard than the probable cause needed for an arrest, but it is much more than an arbitrary stop based on a whim.
The facts indicate that before the men were stopped, the police knew only of a possible burglary two blocks away from the place where they observed the two men. They did not know that a crime had been committed. They also knew that the reported burglary was made to the police based solely on someone’s report of a house with an open door. There was no indication that anyone had seen any suspected burglars near the house, let alone any description of possible suspects. Moreover, Mr. McBarry and his companion did not appear to be in a hurry, nor did they attempt to elude the police once the spotlight was shined upon them. They were simply walking down the street. Thus, the only plausible reason for the stop was that the men were walking in an area two blocks away from a possible burglary. This is not sufficient to raise a reasonable suspicion to allow an investigatory stop.
In this case, the facts indicate that the defendant abandoned the Crown Royal bag when stopped by the officers. Jurisprudence recognizes that if “property is ^abandoned without any prior unlawful intru *129 sion into a citizen’s right to be free from government interference, then such property may be lawfully seized.” State v. Belton, 441 So.2d 1195, 1199 (La.1983) cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). As stated above, the defendant was unlawfully subjected to an investigatory stop, thus the subsequent abandonment of the Crown Royal bag is irrelevant. The discovery of the bag containing the gun was a direct result of an illegal stop and could not be lawfully seized.

WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED.

. Oral argument was not requested.